■ REPUBLIC AIRPORT PILOTS ASSOCIATION, INC., et al, Appellants, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [623 NYS2d 602] —In an action pursuant to State Finance Law § 123-b for a judgment enjoining the defendant New York State Department of Transportation from leasing a parcel of real property to be used as a multiplex cinema, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), dated June 29, 1993, which, after a nonjury trial, is in favor of the defendant and against them declaring, *inter alia,* that the defendant New York State Department of Transportation did not violate Transportation Law § 400 (4) and § 402 (1) and that the plaintiffs failed to establish that construction of a multiplex cinema is not a "compatible non-aviation development."

Ordered that the judgment is affirmed, with costs to the respondent New York State Department of Transportation.

The New York State Department of Transportation (hereinafter the DOT) assumed jurisdiction over Republic Airport in Suffolk County pursuant to article 15 of the Transportation Law. The DOT was required to seek the advice and consultation of the Republic Airport Commission (hereinafter the RAC) with respect to projects to be undertaken at Republic

Airport *(see,* Transportation Law § 400 [4]; § 402 [1]). The DOT sought to lease a parcel of property located on Republic Airport to a developer that intended to construct and operate a multiplex movie theater. The plaintiffs commenced this action claiming that Transportation Law § 400 (4) and § 402 (1) had been violated because the DOT did not sufficiently consult or receive advice from the RAC.

We disagree. The record demonstrates that the RAC discussed the proposal with the DOT each month for 17 months. Furthermore, the plaintiffs failed to establish that the proposed theater was not a "compatible non-aviation development" in violation of the "Airport Layout Plan" approved by the DOT and the Federal Aviation Administration. Therefore, the plaintiffs failed to sustain their burden of establishing that the DOT was about to cause a wrongful expenditure or illegal disbursement of State property by entering into the lease agreement *(see,* State Finance Law § 123-b).

The plaintiffs' remaining contention is without merit. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.